(49 South. 219.)

No. 17,582.

STATE ex rel. FLEMING v. JOYCE, Registrar, et al.

(April 26, 1909.)

APPEAL AND ERROR (§ 1011*)—REVIEW—CONFLICTING EVIDENCE — ELECTIONS — RESIDENCE.

On the question of the actual bona fide residence of a person registered as a voter in a particular precinct, where the evidence is conflicting and the judgment accords with legal presumptions, it will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Action by the State, on the relation of D. B. Fleming, against John J. Joyce, registrar, and J. R. Wilson. Judgment for plaintiff, and defendants appeal. Affirmed.

Dagg & Dale, for appellants. John Stirling Boatner, Jr., for appellee.

LAND, J. The issues are the same as in the case of the same relator against the same registrar and T. M. Wilson, this day decided, and the facts are similar.

J. R. Wilson acquired a civil and political domicile in ward 6, parish of Concordia, and has been actually residing and working in the said ward since the first of this year. He claims that he resided in Ferriday during the year 1908.

The presumption is that the place of present residence is the domicile. 10 Am. & Eng. Ency. Law, p. 22.

The presumption is that the domicile of choice, like the domicile of origin, remains unchanged, and the burden of proof is upon him who alleges the change. 10 Am. & Eng. Ency. Law, pp. 23, 24.

Two citizens, residents of the village of Ferriday, and one of them the next-door neighbor of the mother of the defendant, testified that J. R. Wilson had never lived in Ferriday for a period of six months.

The defendant and his brother T. M. Wilson were the only witnesses produced to prove the alleged residence. The mother of both of these Wilsons, and their brother, Noah Wilson, who lives with his mother and sisters, might have thrown light on the question of defendant's residence, but were not called as witnesses. J. R. Wilson is unmarried, and seems during the year 1908 to have been floating around working at different places. At times he lived with his mother, who was keeping boarders.

We do not think that the judgment below is manifestly or clearly wrong on the facts, and all the legal presumptions are in its favor.

Judgment affirmed.